## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOSEPH LAMAR COOLER,
      Plaintiff,

vs.                                                   Case No. 3:07cv188/RV/MD

ESCAMBIA COUNTY DETENTION FACILITIES, et al.,
      Defendants.

_____

## O R D E R

This cause is before the court upon plaintiff's civil rights complaint filed pursuant to 42 U.S.C. §1983 (doc. 4.), and his motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. However, from a review of the complaint, it is evident that plaintiff has failed to follow the instructions on the complaint form in that he has included allegations of constitutional violations that are not related to the same basic incident or issue. The court will therefore allow the plaintiff an opportunity to clarify his allegations in an amended complaint.

Plaintiff is an inmate of the Escambia County Jail ("Jail"). He names two defendants in this action: Escambia County Detention Facilities, and Armor Correctional Health Services, Inc. Plaintiff's complaint asserts numerous allegations of wrongdoing and alleged violations of his Eighth Amendment rights occurring during the past year. In essence, plaintiff complains that he has been denied medical care by Jail medical staff; that he has been denied humane conditions of confinement in that he has been required to sleep on the floor; that the sheriff's deputies who arrested him "embezzled" $2,000 of his money; that the officers who booked him into the Jail "embezzled" $400 of his money; that he has been harassed, intimidated and retaliated against by various unidentified correctional officers at the Jail; and that unidentified correctional officers at the Jail have failed to protect him against one or more inmate assaults. (Doc. 4, pp. 7-8). As relief, plaintiff seeks reimbursement of his money, the filing of criminal charges against the

Dockets.Justia.com

offending officers, punitive damages, and "monetary relief for mental stress, physical stress, 64 million dollars for harassment, intimidation, taunting, retaliation, vail [sic] threats, pain suffering." (*Id.*, p. 8).

As an initial matter, although plaintiff names Escambia County Detention Facilities and Armor Correctional Health Services, Inc. as the sole defendants in this action, he fails to assert any factual allegations against these entities. He apparently seeks to hold them liable because they employed the individuals who engaged in the alleged unconstitutional conduct. Plaintiff is warned, however, that *respondeat superior*, without more, does not provide a basis for recovery under section 1983. *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Marsh v. Butler County,* 268 F.3d 1014, 1035 (11th Cir. 2001); *Harris v. Ostrout,* 65 F.3d 912, 917 (11th Cir. 1995); *Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992) ("A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis.") (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed.2d 611 (1978)). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between each defendant named and the injury allegedly sustained. *Marsh, supra; Swint v. City of Wadley, Alabama,* 51 F.3d 988, 999 (11th Cir. 1995); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991). Liability does not arise for the actions or omissions of others, but only for the actual participation in the deprivation of constitutional rights. Alternatively, plaintiff must show that these defendants promulgated a policy or other directive that resulted in such deprivation.

It is further apparent from a review of plaintiff's factual allegations that he has attempted to improperly join parties and unrelated claims in this single cause of action. The Federal Rules of Civil Procedure provide limits as to the claims and parties that may be joined in one cause of action. Rule 18 provides that a plaintiff may join in one cause of action as many claims as he has against one particular defendant. FED.R.CIV.P. 18(a). This would authorize, for example, plaintiff pursuing in this lawsuit all the claims he has against the arresting officer who "embezzled" his money. Rule 20, however, limits the group of persons who may be joined as defendants in a single lawsuit. That Rule provides that all persons may be joined as defendants in one action **if the claims against them arise out of the same transaction, occurrence, or series of transactions or**

occurrences **and if any question of law or fact <u>common to all defendants</u> will arise in the action**. FED.R.CIV.P. 20(a).  This would authorize, for example, plaintiff pursuing in this lawsuit his claims against both of the arresting officers involved in the alleged embezzlement of his money.  However, plaintiff may not do what he has attempted here, and assert various claims against various sheriff's deputies and correctional employees even though there is no common question of law or fact as to **all** of the defendants.  In amending, plaintiff must address his various issues in separate civil rights actions.

    In amending, plaintiff should completely fill out a new civil rights complaint form, marking it " **Amended Complaint.**"  **Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.**  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

    Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED to the extent that the case may proceed without the prepayment of the entire filing fee.

2. Because plaintiff has no funds accrued in his prison trust fund account, the clerk of court shall not assess plaintiff an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A).  The total filing fee in this case remains $350.00, however.

3. As funds become available in plaintiff's prison account, plaintiff shall be required to make monthly payments of 20 percent of the preceding month's income (that is, all funds deposited into the account) in each case he has filed in this court.[1]  The agency having custody of the prisoner shall forward payments from the prisoner's account on a monthly basis to the clerk of court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full in each case.

The following information shall either be included on the face of the check from the penal institution, cashier's check, or money order or attached thereto:

(1)    the full name of the prisoner;
(2)    the prisoner's inmate number; and
(3)    Northern District of Florida Case Number (i. e., 3:07cv188/RV/MD).

Checks or money orders which do not have this information will be returned to the penal institution or to plaintiff.

4. The clerk of court shall mail a copy of this order, with the appropriate cover letter to:  Escambia County Jail, Attn:  Finance Department, P.O. Box 17800, Pensacola, FL 32522.

5. PLAINTIFF IS WARNED that he is ultimately responsible for payment of the filing fee should the agency with custody over him lapse in its duty to make payments on his behalf.  If plaintiff spends funds that should have been forwarded to the court as per the payment formula above, this case may be dismissed for non-payment.  Furthermore, IF PLAINTIFF IS TRANSFERRED to another jail or correctional institution, he should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein.  Plaintiff is advised to retain a copy of this order for this purpose.  Finally,

---

[1]Thus, prisoners who have filed more than one case may be required to make payments totaling 40%, 60%, 80% or even 100% of their monthly deposits.

plaintiff is advised that dismissal or other disposition of this action will NOT relieve him of the obligation to pay the full filing fee in this case.

6.  The clerk of court is directed to forward to the plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983, along with the five (5) pages of attachments to the original complaint.  This case number shall be written on the form.

7.  Plaintiff shall have **thirty (30) days** in which to file an amended civil rights complaint, which shall be typed or clearly written and submitted on the court form as instructed above.

8.  Failure to comply with this order as instructed will result in a recommendation of dismissal of this action for failure to comply with an order of the court.

DONE AND ORDERED this 14th day of May, 2007.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**