**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JOSEPH LAMAR COOLER,**
         **Plaintiff,**

**vs.**                                              **Case No. 3:07cv188/RV/MD**

**ESCAMBIA COUNTY DETENTION FACILITIES, et al.,**
         **Defendants.**

_____

**O R D E R**

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint pursuant to 42 U.S.C. §1983.  (Doc. 7.).  For the reasons that follow, he will be required to file an amended complaint.

Plaintiff's complaint asserts numerous allegations of wrongdoing and alleged violations of his Eighth Amendment rights occurring while he was a pre-trial detainee at the Escambia County Jail ("Jail").  In essence, plaintiff complains that he was denied medical care by Jail medical staff; that he was denied humane conditions of confinement in that he was required to sleep on the floor; that the sheriff's deputies who arrested him "embezzled" $2,000 of his money; that the officers who booked him into the Jail "embezzled" $400 of his money; that he was harassed, intimidated and retaliated against by various unidentified correctional officers at the Jail; and that unidentified correctional officers at the Jail failed to protect him against one or more inmate assaults.  (Doc. 7).  As relief, plaintiff seeks compensatory damages in the amount of $64 million, and a declaration "that the unjustified practices of forcing inmates to sleep on the floor of facilities and the denial of medical treatment to inmates . . . violates the Eighth Amendment to the Constitution of the United States."  (*Id.*).

First, plaintiff failed to submit his amended complaint on the court form.  Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for

consideration a *pro se* complaint filed under section 1983 unless the appropriate complaint form is completed.  Thus, plaintiff must file his complaint on the form for use in section 1983 cases, even if he wants to attach separate pages explaining the facts that underlie the complaint.  However, plaintiff should not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.

Second, it is evident that one or more of the named defendants should be removed from this cause of action.  Plaintiff's amended complaint names three defendants: Ron McNesby in his official capacity as Sheriff of Escambia County, Florida; Captain Brenda Chromiak in her official capacity as director of the Escambia County Jail; and the Escambia County Jail.  (Doc. 7, p. 1).  The capacity to be sued in federal court is governed by the law of the state in which the district court is located.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing FED.R.CIV.P. 17(b)).  Florida law does not recognize a jail facility as a legal entity separate and apart from the county or sheriff.  *See Eddy v. City of Miami*, 715 F.Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983); *Shelby v. City of Atlanta*, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984) (same); *Avant v. Rice*, 1992 WL 359633 at *6 (M.D. Fla. 1992) (unpublished opinion) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office); *Mayes v. Elrod*, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979) (same).  For claims against a sheriff's department or a county jail, the appropriate defendant is the Sheriff in his official capacity.  *See Mitchell v. Untreiner*, 421 F.Supp. 886, 888 (N.D. Fla. 1976) (referring to Sheriff of Escambia County, Florida as "the Chief Jailer of the Escambia County Jail"); *Avant v. Rice, supra*; *Hobbs v. Holmes County Sheriff's Dep't*, No. 5:04cv82/RH (N.D. Fla. 2004), doc. 10, p. 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity.").  Based on the foregoing, the Escambia County Jail is not a proper party to this proceeding.  Furthermore, since Sheriff McNesby is already named as a defendant and is being sued in his official capacity, the Escambia County Jail is duplicative and superfluous.  Similarly, since plaintiff sues Captain Brenda Chromiak solely in her official capacity as director of the Escambia County Jail, it is duplicative and superfluous to name

her as a defendant when Sheriff McNesby is already named in his official capacity.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (holding that official-capacity suits generally represent only another way of pleading an action against the entity of which the officer is an agent); *Washington v. Bauer*, 2005 WL 2114156 at n.1 (11th Cir. Sept. 2, 2005) (unpublished opinion); *see, e.g, Hobbs v. Holmes County Sheriff's Dep't*, *supra*, (dismissing claims against Holmes County Sheriff's Department where plaintiff sued Sheriff Dennis Lee in his official capacity); *Erickson v. Hunter*, 1996 WL 427769 at *1 (M.D. Fla. 1996) (finding it "redundant and unnecessary" to name the Collier County Sheriff's Office as a defendant where plaintiff named the Sheriff of Collier County in his official capacity).

In amending, plaintiff should completely fill out a new civil rights complaint form, marking it " **Second Amended Complaint.**"  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form.  In the "Statement of Facts," plaintiff should clearly describe how each named defendant is involved in each alleged constitutional violation, alleging the claims as to each defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If plaintiff cannot state exactly how a particular defendant harmed him, he should delete or drop that person as a defendant from his complaint.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature with the court and keep an identical copy for himself.  Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint.  The court will notify plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.  Furthermore, plaintiff should not submit service copies of his complaint unless and until the court directs him to do so.  Finally, plaintiff is advised that discovery is

premature at this stage of the case and plaintiff should not do any discovery without leave of court.

Accordingly, it is ORDERED:

1.  The clerk is directed to forward to the plaintiff a complaint form for use in non-prisoner *pro se* actions under 42 U.S.C.  §1983.  This case number should be written on the form.

2.  The plaintiff shall have **thirty (30) days** in which to file an amended complaint, **which shall be typed or clearly written and submitted on the court form**.

3.   Failure to submit an amended complaint as instructed will result in a recommendation of dismissal of this action.

DONE AND ORDERED this 3rd day of August, 2007.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**