**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JOSEPH LAMAR COOLER,**
       Plaintiff,

vs.                                                         Case No. 3:07cv188/RV/MD

**ESCAMBIA COUNTY DETENTION FACILITIES, et al.,**
       Defendants.

---

**REPORT AND RECOMMENDATION**

This cause is before the court upon plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 9).  Leave to proceed *in forma pauperis* was granted without the assessment of an initial partial filing fee.  (Doc. 5). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that dismissal of this case is warranted.

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  A complaint is frivolous under § 1915(e) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d

340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To determine whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations -- on their face -- show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001). Upon review of plaintiff's second amended complaint, the undersigned concludes that this case should be dismissed under § 1915(e)(2)(B)(ii).

Plaintiff was a pretrial detainee at the Escambia County Jail ("Jail") at the time he commenced this lawsuit. (Doc. 1). He has since been released. (Docs. 6, 7). His second amended complaint ("Complaint") names sixteen defendants: Ron McNesby in his official capacity as Sheriff of Escambia County, Florida; Captain Brenda Chromiak in her official capacity as director of the Escambia County Jail ("Jail"); Gill Kaufman, Medical Director at the Jail; two nurses at the Jail ("Liz" and "Sunshine,"); four corrections officials at the Jail (Sergeant Covotto, Sergeant Merritt, Lieutenant Hemphill and Ms. Green); and seven law enforcement officers (Deputy Lopez, Captain Ryals, Sergeant Dallas King, Officer Eric Lee Peck, Officer Henry Dan Arch, Officer Halie Reed, and Officer Eric Henry). (Doc. 9, p. 1). The Complaint asserts numerous alleged violations of plaintiff's Eighth and Fourteenth Amendment rights occurring while he was confined at the Jail. Specifically, plaintiff complains that he was denied humane conditions of confinement in that he was required to sleep on

the floor which caused him back pain and discomfort; that he was denied medical attention for his back pain by medical staff; that an unnamed police officer who arrested him "embezzled" $2,000 of his money; that an unnamed deputy who booked him into the Jail "embezzled" $400 of his money; that he was harassed and intimidated by various unidentified corrections officers at the Jail after he witnessed the death of another inmate; and that unidentified correctional officers at the Jail failed to protect him against an inmate assault. (*Id.*, pp. 3-7). As relief, plaintiff seeks compensatory damages in the amount of $64 million against defendants McNesby and Chromiak, as well as a declaration that his constitutional rights have been violated. (*Id.*, pp. 5, 7).

Because plaintiff was a pretrial detainee at the time of the alleged misconduct, the relevant constitutional guarantee is not the Eighth Amendment's prohibition against cruel and unusual punishment applicable to convicted prisoners, but rather the Due Process Clause of the Fourteenth Amendment. *Ingraham v. Wright*, 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Cottone v. Jenne,* 326 F.3d 1352, 1356 n. 4 (11th Cir. 2003); *Cagle v. Sutherland*, 334 F.3d 980, 985-86 (11th Cir. 2003) ("Because [the inmate] was a pretrial detainee, his section 1983 claims are based on the due process clause of the Fourteenth Amendment."); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994) ("[T]he Eighth Amendment prohibitions against cruel and unusual punishment do not apply to pretrial detainees.") (quoting *Tittle v. Jefferson County Comm'n,* 10 F.3d 1535, 1539 n. 3 (11th Cir. 1994)). The court has therefore construed all of plaintiff's claims as arising under the Fourteenth Amendment, as any Eighth Amendment claims are subject to dismissal. Nonetheless, because "the standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments," *Cottone, supra* (citing *Marsh,* 268 F.3d 1014, 1024 n. 5 (11th Cir. 2001)), plaintiff's claims have been analyzed under the decisional law of both amendments.

Generally stated, the standard applicable to claims involving the mistreatment of pretrial detainees in custody is as follows:

> **A Fourteenth Amendment violation occurs when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not respond reasonably to the risk. [*Marsh*, 268 F.3d at 1028]. Furthermore, such risk must be an objectively substantial risk of serious harm to prisoners, and the prison official must respond to that risk in an objectively unreasonable manner. *Farmer v. Brennan*, 511 U.S. 825, 834, 844-845, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Finally, a plaintiff must show that the constitutional violation caused the injury. *Marsh*, 268 F.3d at 1028.**

*Cottone*, 326 F.3d at 1358.

<u>Failure-to-protect Claims</u>

Plaintiff asserts claims against defendants Henry, Covotto, Merritt, Hemphill, Green and Lopez, apparently seeking to hold them liable for an inmate assault that occurred on April 13, 2007. Plaintiff's sole allegation against defendants Henry, Covotto and Merritt is that these officers "were aware of the attack on Mr. Cooler by three inmates on 4-13-07." (Doc. 9, p. 6). Plaintiff's sole allegation against defendants Hemphill and Green is that plaintiff "contacted" them about the incident after it occurred. (*Id.*, p. 6, ¶ 30). Plaintiff's only allegation concerning defendant Lopez is that this officer "filed a bogus police report about attack." (*Id.*).

While it is true that prison officials have a duty to protect prisoners from violence at the hands of other prisoners, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety. *Farmer v. Brennan*, 511 U.S. at 833-34, 114 S.Ct. at 1976-77. To be deliberately indifferent for failing to prevent an attack from another inmate, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 841, 114 S.Ct. at 1981. Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer. *Id.,* 511 U.S. at 841, 114 S.Ct. at 1981. The risk of attack must have been substantial, beyond mere possibility. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (per curiam); *Estate of Davis v. Johnson*, 745 F.2d 1066,

1071 (7th Cir. 1984) (liability arises only where a defendant unreasonably ignores a strong likelihood rather than a mere possibility that violence will occur).  Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm." *See Brown*, 894 F.2d at 1537 (finding defendants who were informed of "racial problem" in victim's cell not liable).

When officials become aware of threats to an inmate's health and safety, the Fourteenth Amendment imposes a duty to provide reasonable protection.  *See Marsh*, 268 F.3d at 1027 ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk.").  However, the officer must have a realistic opportunity to prevent the illegal conduct.  *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994).  Moreover, a merely negligent failure to protect an inmate does not state a claim under § 1983.  *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

In the instant case, plaintiff's allegations do not suggest that <u>prior to the assault</u>, defendants Henry, Covotto, Merritt, Hemphill and Green were subjectively aware of a substantial risk to plaintiff's safety, and that they responded to that risk in an objectively unreasonable manner.  Nor do the allegations suggest that after becoming aware of the attack, these defendants failed to take reasonable measures to alleviate the risk of another.  Thus, plaintiff's failure-to-protect claims against these defendants should be dismissed.  *Farmer*, 511 U.S. at 838, 114 S.Ct.  1970 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.").  As to defendant Lopez's alleged filing of a "bogus" police report concerning the assault, plaintiff fails to explain how this conduct deprived him of a constitutional right.  The allegation of itself does not provide a claim to relief under § 1983 that is plausible on its face.

**Inadequate Medical Care Claims**

Plaintiff claims his constitutional rights were violated when "medical staff," presumably defendants Kaufman, "Liz," and "Sunshine," refused to provide medical treatment for back pain resulting from sleeping on the floor.  (Doc. 9, p. 4 ¶ 12).  The Eleventh Circuit has held that "the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner."  *Andujar v. Rodriguez*, 483 F.3d 1199, 1203 n.3 (11th Cir. 2007) (quoting *Lancaster v. Monroe County, Alabama*, 116 F.3d 1419, 1425 n. 6 (11th Cir. 1997)); *see also Cottone*, 326 F.3d at 1357 (citing *Marsh*, 268 F.3d at 1024 n. 5).  To prevail on such a claim, plaintiff "must satisfy both an objective and a subjective inquiry.  First, [he] must prove an objectively serious medical need.  Second, [he] must prove that the [government] official acted with deliberate indifference to that need." *Andujar*, 486 F.3d at 1203 (internal quotation marks and citations omitted).  A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm," *Farmer*, 511 U.S. at 834, 114 S. Ct. at 1977, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Hill v. DeKalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (quotation omitted).  The seriousness of the deprivation of that need is measured by the detrimental effect that the deprivation brought upon the person.  *Id*. at 1188-89.

The second requirement, the subjective component of Eighth Amendment analysis, requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish."  *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. 294, 300, 111 S. Ct. 2321, 2325, 115 L. Ed. 2d 271 (1991)) ("The source of the intent requirement is not the predilections of this Court, but in the Eighth Amendment itself, which bans only cruel and unusual *punishment*.  If the pain inflicted is not formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." (emphasis in original)).  "To

show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Taylor* at 1258 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S. Ct. 285, 291 50 L.Ed.2d 251 (1976)). Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. *Murrell v. Bennett*, 615 F.2d 306, 310, n. 4 (5th Cir. 1980). An inadvertent or negligent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be "repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105-06, 97 S. Ct. at 292; *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986). Negligence alone is not enough to violate the Constitution. *Daniels, supra.*

While failing to treat a prisoner's pain can support a claim of deliberate indifference, *McElligot v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999), in this case plaintiff's description of his condition -- back pain and soreness resulting from sleeping on the floor -- is insufficient to permit a jury to find an objectively serious medical need.[1] Further, even a liberal construction of plaintiff's allegations does not suggest that plaintiff made medical staff aware that he was in serious need of medical care. He simply states that he suffered back pain "and was refused medical attention by Escambia County staff." (Doc. 9, p. 4 ¶ 12). Thus, as presented, plaintiff's allegations fail to state a Fourteenth Amendment claim against defendants Kaufman, "Liz," and "Sunshine" that is plausible on its face.

<u>Deprivation of Property Claims</u>

The court next addresses plaintiff's due process claims against defendants McNesby, Peck, Arch, Reed and other unidentified law enforcement officers concerning the "embezzlement" of $2,400.00 of plaintiff's property during his arrest and booking into the Jail.[2] It is well settled that a prisoner's claim for deprivation of

___

[1] Notably, although plaintiff was released from Jail almost three months prior to the filing of his second amended complaint, he does not indicate that his back pain or soreness was so serious that he sought medical treatment in the "free world," much less that his back condition has been diagnosed by a physician as mandating treatment.

[2] Plaintiff's claims against Peck, Arch, Reed and other unidentified law enforcement officers are individual capacity suits for their personal involvement in the alleged embezzlement. Plaintiff's claim against McNesby is an official capacity suit for his "failure to establish a custom, policy and practice

his property does not amount to a violation of due process under the United States Constitution provided that the following two circumstances are present: (1) the deprivation of property resulted from an intentional, non-negligent act of a state employee that is random and unauthorized, rather than pursuant to an established state procedure; and (2) the state provides an adequate post-deprivation property remedy for the prisoner's property loss. *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 543-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). The reasoning behind this principle is that if an employee's action is unauthorized, the state cannot predict when it will occur and thus is unable to provide a pre-deprivation due process hearing. In the instant case, plaintiff does not claim that defendants acted pursuant to officially authorized procedure. Hence, his claim can only be construed as alleging an intentional, random, and unauthorized act.[3] Additionally, the State of Florida provides adequate post-deprivation remedies whereby plaintiff may sue the defendants in the state courts and recover any damages due him for the loss of his property. *See* Fla.Stat. § 768.28. Thus, plaintiff has failed to state a violation of his Fourteenth Amendment due process rights.

**Miscellaneous Claims**

Plaintiff names Captain Ryals and Sergeant Dallas King as defendants in this action; however, these persons are mentioned nowhere in the body of plaintiff's complaint. Accordingly, the complaint fails to state a claim for relief against these defendants that is plausible on its face.

**Official Capacity Claims Against Jail Director**

Remaining are plaintiff's official capacity claims against defendant Chromiak. (Doc. 9, pp. 4-5). Plaintiff seeks to hold Chromiak liable for violation of his

---

relating to proper tracking, auditing, and logging of inmate property and disciplining of deputies who embezzle inmate monies. . . ." (Doc. 9, p. 4 ¶ 7, p. 5 ¶¶ 17-23).

[3]If plaintiff is claiming that prison officials negligently lost his property, he has failed to state a constitutional claim. Mere negligence by prison officials may state a claim under state law, but is insufficient to establish a constitutional violation. *Daniels v. Williams,* 474 U.S. 327, 333 (1986).

*Case No: 3:07cv188/RV/MD*

Fourteenth Amendment rights arising from the inadequate sleeping arrangements at the Jail, medical staff's alleged failure to provide medical attention for plaintiff's back, Chromiak's failure to protect plaintiff from harassment by deputies, and the deprivation of plaintiff's property at booking. (Doc. 9, pp. 4-5 ¶¶ 25-30).[4]

Because this court has determined that plaintiff's allegations fail to establish a constitutional violation with regard to the allegedly inadequate medical treatment and the deprivation of plaintiff's property, plaintiff's official capacity claims against Chromiak based on this conduct must fail. Further, for the reasons that follow the undersigned finds that the allegations of the Complaint concerning sleeping conditions and harassment fail to state a Fourteenth Amendment claim that is plausible on its face. Therefore, whether brought against Chromiak in her individual or official capacity, such claims must fail.

Plaintiff complains that he was forced to sleep on the floor due to overcrowding. His allegations do not suggest, however, that he was not provided a mattress. Courts have held that housing an inmate in a cell without giving him a bunk for his mattress does not satisfy the objective component of an Eighth or Fourteenth Amendment conditions-of-confinement claim. *See e.g., Hamm v. DeKalb County*, 774 F.2d at 1567 (holding that fact that detainee in county jail temporarily had to sleep upon a mattress on the floor or on a table because of overcrowding did not amount to a constitutional deprivation, where there was no evidence that such conditions were imposed arbitrarily); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (dismissing plaintiff's claim that requiring pretrial detainees to sleep on mattresses placed on the floor is unconstitutional -- plaintiff "has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for

---

[4]Plaintiff's official capacity claims are essentially brought against the governmental entity defendant Chromiak represents -- Escambia County. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1115 (11th Cir. 2005); *McMillian v. Monroe County*, 520 U.S. 781, 785 n. 2, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." (citations and internal quotation marks omitted)).

such a right"); *Datz v. Hutson*, 806 F.Supp. 982, 989 (N.D. Ga. 1992) (holding that inmate's allegation that he had to sleep on a mattress placed on the floor failed to state a constitutional violation "as such treatment is not cruel or unusual, nor does it show more than an ordinary lack of due care for a prisoner's interests or safety."); *Sanders v. Kingston*, 53 Fed. Appx. 781, 783-84 (7th Cir. 2002) (holding that prisoner's contention that doubling him in a single cell without giving him a bunk for his mattress, a privacy curtain for bathroom use, and a television stand violated the Eighth Amendment fell far short of the "extreme deprivation" required to satisfy the objective component of an Eighth Amendment conditions-of-confinement claim).

Plaintiff also seeks to hold defendant Chromiak liable under § 1983 for deputies' alleged harassment and intimidation of him after he witnessed the death of an inmate. Generally, "verbal threats, without more," are insufficient "to state a cause of action under the Eighth Amendment." *Chandler v. District of Columbia Dept. of Corrections*, 145 F.3d 1355, 1360 (D.C. Cir. 1998) (citing *Hudson v. McMillian*, 503 U.S. at 16, 112 S.Ct. at 1004). As the Fifth Circuit stated:

> as a rule, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. . . . Were a prisoner . . . entitled to a jury trial each time he was threatened with violence by a prison guard, even though no injury resulted, the federal courts would be more burdened than ever with trials of prisoner suits.

*McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (quotations and citations omitted). See *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998) ("[A]cts of verbal harassment alone are not sufficient to state a claim under the Eighth Amendment."); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (mere allegations of verbal abuse do not present actionable Section 1983 claim); *Swoboda v. Dubach* 992 F.2d 286, 290 (10th Cir. 1993) (allegations that officers threatened to kill inmate not cognizable under Section 1983); *Hopson v. Fredricksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (mere verbal threats generally do not constitute a Section 1983 claim); *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir. 1996); *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987); *Ivey v. Williams*, 832 F.2d

950, 955 (6th Cir. 1987); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979); *Johnson v. Glick*, 481 F.2d 1028, 1033 n.7 (2nd Cir. 1973); *see also Crenshaw v. City of Defuniak Springs*, 891 F.Supp. 1548, 1555 (N.D. Fla. 1995) ("verbal harassment and abusive language, while 'unprofessional and inexcusable,' are simply not sufficient to state a constitutional claim under Section 1983"); *Shabazz v. Pico*, 994 F.Supp. 460, 474 (S.D. N.Y. 1998) ("verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right" under section 1983); *Partee v. Cook County Sheriff's Office*, 863 F.Supp. 778, 781 (N.D. Ill. 1994) (inmate's "allegations of verbal threats, racial epithets, and continued harassment" failed to meet objective component of Eighth Amendment); *Davis v. Sancegraw*, 850 F.Supp. 809, 813 (E.D. Mo. 1993) ("[v]erbal insults or threats generally do not rise to the level of a constitutional violation" except where they involve "a 'wanton act of cruelty' such that the inmate is in fear of 'instant and unexpected death at the whim of his bigoted custodians'").

Here, plaintiff fails to describe the harassment at issue, much less suggest an accompanying physical injury. His Complaint simply states that "[s]ubsequent to the death of the inmate, the Plaintiff was then exposed to constant harassment and intimidation by deputies at the facility." (Doc. 9, p. 4 ¶ 14). Merely alleging that harassing language was used, without more, falls far short of stating a constitutional claim.

## Conclusion

Based on the foregoing, the court concludes that plaintiff's allegations, as presented, do not state a claim to relief against any defendant that is plausible on its face.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. §1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief may be granted.

2.  **That the clerk be directed to close the file.**

**At Pensacola, Florida, this 26th day of September, 2007.**


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**